# IN THE COURT OF APPEALS OF IOWA

No. 14-1258
Filed May 6, 2015

**SUZANNE I. SCHLEIS,**
    Plaintiff-Appellee,

**vs.**

**TYLER KEINER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Monona County, Mary J. Sokolovske, Judge.

A father appeals a district court's modification of a visitation decree. **REVERSED AND REMANDED.**

Sabrina L. Sayler of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C., Sioux City, for appellant.

Irene A. Schrunk, Sioux City, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

We must decide whether the district court impermissibly delegated its responsibility to implement a visitation plan.

## I. Background Facts and Proceedings

Tyler Keiner and Suzanne Schleis had a child in 2006. The district court granted the parents joint legal custody, gave Schleis physical care of the child, and afforded Keiner visitation pursuant to a specific visitation schedule.

Schleis later applied to modify the decree and sought a temporary no-contact injunction. The district court issued a temporary injunction, which prohibited Keiner or any actor on his behalf (aside from counsel) from contacting Schleis or the child "until further Order of the Court." In 2011, the court modified the decree to afford Schleis sole custody of the child, citing Keiner's immature and irresponsible behaviors. The court also modified the visitation provisions based on Keiner's failure to exercise regular visitation with the child. The modified decree stated, "[Schleis] is authorized to provide a visitation schedule up to 60 days in advance and then to follow that schedule, so long as [Keiner] is doing what he is expected to do in terms of visitation."

The court did not withdraw or amend the temporary injunction. As a result, Keiner was foreclosed from having contact with the child notwithstanding the modified decree's provision affording visitation at Schleis's discretion.

In time, Keiner petitioned for contact with his child. No action was taken on his pro se request. Later, he enlisted the assistance of an attorney and filed a "petition for modification," seeking restoration of joint custody, liberal visitation with a "specific visitation schedule," and termination of the temporary injunction.

Following a hearing, the district court denied Keiner's request for joint custody but concluded there was "a change of circumstances that would allow for a modification of the terms of visitation." Specifically, the court found Keiner "presented himself as a changed individual." In a 2014 modification decree, the court ordered the parties to engage in "co-parenting counseling with an agreed upon therapist" and stated, "Before any visitation between the defendant and child occurs this counseling shall have commenced and at least two sessions have been attended by the parties." The court continued, "The therapist shall determine the number and length of the sessions but sessions should occur no less than twice per month. The therapist shall determine when these sessions are no longer necessary." The court ordered, "[A]t such time as the child's therapist is recommending that therapy services for purposes of reintroduction of the defendant and visitation supervision are no longer necessary the parties shall return to the terms of the . . . 2011 [m]odified [d]ecree." The court also modified the temporary injunction to allow implementation of counseling sessions.

Keiner filed a posttrial motion challenging the court's vesting of discretion over visitation with Schleis and seeking a court-imposed parenting time schedule. The district court denied the motion and this appeal followed.

Keiner challenges the denial of visitation and the district court's refusal to set forth a visitation schedule. In part, he asserts the court "impermissibly delegated the judicial function of determining visitation to [Schleis]." In the context of this argument, he also asserts the court's order delegating the length and frequency of supervised visitation to the therapist "is an impermissible

delegation of a judicial function to a third party."[1]  We find this sub-argument dispositive.

"It is well established that the district court is the only entity that can modify a custody or visitation order, subject to the review of the appellate courts." *In re Marriage of Stephens*, 810 N.W.2d 523, 530 (Iowa Ct. App. 2012).  The "obligation to modify a decree cannot be delegated to any person or entity because that person or entity has no jurisdiction to render such a decision."  *Id.*

The district court left it to the therapist to determine when visitation should begin.  This was impermissible.  *See In re Marriage of Schmidt*, No. 13-0675, 2014 WL 2432549, at *6-8 (Iowa Ct. App. May 29, 2014) (disapproving of order affording party no ability to exercise any visitation rights until a trauma therapist recommended it); *In re Marriage of Vidal*, No. 09-1608, 2010 WL 3324939, at *7 (Iowa Ct. App. Aug. 25, 2010) (striking provision requiring parties to implement counselor's visitation recommendations as impermissible delegation of court's authority).  Accordingly, we reverse the district court's 2014 modification decree vesting the therapist with discretion to determine when visitation will begin.  We remand for the district court to set forth a specific visitation schedule, which may be a graduated schedule, considering the age and needs of the child.  On remand, we agree with Keiner that the court—having found a change in circumstances warranting a modification of visitation from the terms set forth in

---

[1] At the modification hearing, Keiner was asked if he was "willing to forego visitation until such time as the counselor says [the child] has acclimated back to you and it would in his best interest to spend time with you?"  Keiner responded, "I don't believe . . . that would be fair."

the 2011 modified decree—must change those terms.[2] We find it unnecessary to address the remaining issues raised by the parties. Costs are taxed to Schleis.

**REVERSED AND REMANDED.**

---

[2] Notwithstanding the district court's grant of sole custody to Schleis, we believe *Stephens* forecloses delegation of the visitation decision to her. *See Stephens*, 810 N.W.2d at 530-31 (prohibiting delegation to a third party); *see also In re Marriage of Jeffrey*, No. 04-0660, 2005 WL 158868, at *2-3 (Iowa Ct. App. Jan. 26, 2005) (stating in case involving grant of sole custody, a court generally does not impose conditions upon a parent's visitation unless "direct physical harm or significant emotional harm to the children or a parent is likely to result from such contact").